NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: REGENCY PARK CAPITAL 2011, INC., DBA SUPER 8 GOODYEAR, <br><br> Debtor <br> _____ <br><br> SJ GROUP LLC, <br><br> Appellant, <br><br> v. <br><br> ERIC M HALEY, as the Chapter 11 Liquidating Agent for Debtor, <br><br> Appellee. | No.    22-15280 <br><br> D.C. No. 2:21-cv-00502-PHX-DJH <br> Bankruptcy Case No. 2:15-bk-15280-PC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and submitted December 9, 2022
Phoenix, Arizona

Before:  WARDLAW and BUMATAY, Circuit Judges, and GLEASON,[**] District Judge.

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Sharon L. Gleason, Chief United States District Judge for the District of Alaska, sitting by designation.

1

SJ Group LLC appeals the district court's affirmance of the bankruptcy court's Order and Judgment holding that SJ Group was not entitled to the return of its $250,000 deposit that it had placed in escrow after it terminated the purchase and sale agreement (PSA) with Eric Haley, the liquidating agent for the bankruptcy proceeding. The PSA governed the purchase of a Super 8 Motel in Goodyear, Arizona. We "review *de novo* a district court's decision on appeal from a bankruptcy court" and we examine the bankruptcy court's conclusions of law *de novo* and its factual findings for clear error. *In re Marshall,* 721 F.3d 1032, 1038–39 (9th Cir. 2013). We have jurisdiction under 28 U.S.C. § 158(d)(1) and we reverse as we conclude that Bankruptcy Judge Sala's Sale Order did not extinguish the "buyer protection" terms of the PSA.

SJ Group executed the PSA on June 18, 2019 and deposited $250,000 with the Escrow Agent. The PSA provided that "[e]xcept in the event Buyer is not the Winning Bidder, the Bid Deposit shall be nonrefundable under any circumstances." Nonetheless, the PSA included several provisions that provided for the return of the deposit in certain circumstances, such as a "flood . . . or other casualty" before the sale closed. Haley returned the signed PSA to SJ Group the day after the auction. It is undisputed that the water leak on July 15, 2019, qualified as a "casualty" or "flood" within the meaning of § 15(b) of the PSA, permitting SJ Group to terminate the agreement and regain its deposit.

2

Bankruptcy Judge Collins and the district court held that Judge Sala's issuance of the Sale Order following the auction overrode the "buyer protection" terms of the PSA. The Sale Order provided that "[t]he Winning Bidder's $250,000 deposit is non-refundable," without referring to any exceptions. The record, however, reflects no evidence that Judge Sala intended to modify or override the PSA. At the auction hearing, Haley's representative, who presented the terms of the sale, stated that "[a]ll of the qualified bidders today have executed a purchase and sale agreement, which if they are the successful bidder, the final amount will be filled in and the liquidating agent will execute that agreement." So Judge Sala and the parties were clearly on notice that the PSA governed the sale. Neither at the auction, nor in the Sale Order, did Judge Sala purport to alter or supersede the PSA.

We reject the argument that Judge Sala's comments regarding the bid deposit at the auction negated the deposit refund terms of the PSA. Regarding the deposit, Judge Sala commented

> [I]f you're bidding and you're the successful bidder, your $250,000 goes hard and will be forfeited if you can't close. You won't be able to rely on the fact that you couldn't get financing, you couldn't get your funds by the right day, you couldn't get the transfer of the franchise approved. So everyone needs to understand so you're all on the same plain.

This statement is not inconsistent with the PSA. Judge Sala's comment simply explains that any failure on the buyer's part to close the sale would result in the forfeiture of the deposit. The statement does not mandate forfeiture of the deposit

3

in the case of a casualty to the property as contemplated by the "buyer protection" terms of the PSA.

Nor does the language of the Sale Order override the PSA's terms. The Sale Order states, without elaboration, that "[t]he Winning Bidder's $250,000.00 deposit is non-refundable." We do not take this general statement to override the specific refund provisions in the PSA. The Sale Order's language mirrors the general statement in § 2(a)(i) of the PSA that "the Bid Deposit shall be nonrefundable under any circumstances." Yet the PSA also includes several more specific terms providing a mechanism for the buyer to terminate the contract and regain the deposit in the event of a casualty. In interpreting a contract, "specific terms and exact terms are given greater weight than general language." Restatement (Second) of Contracts § 203 (1981). The Sale Order's general statement about the nonrefundability of the deposit does not override the specific refund terms of the PSA.

Because SJ Group properly terminated the PSA pursuant to § 15(b), it is entitled to the refund of its $250,000 deposit.

**REVERSED.**